IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ebon Roberts, | ) | Case No. 1:22-cv–3690-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling and Kenneth Nelson, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner, represented by counsel, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondent filed a Motion for Summary Judgment and Return and Memorandum on January 25, 2023. ECF Nos. 11, 12. Petitioner filed a Response in Opposition. ECF No. 13. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On February 27, 2023, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and the Petition be dismissed with prejudice. ECF No. 14. Petitioner filed objections. ECF No. 15.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting

the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## DISCUSSION

As an initial matter, the Magistrate Judge provides a thorough recitation of the background facts and relevant law, which the Court incorporates by reference. Petitioner raises two grounds in the Petition. The Court will address each in turn.

### *Ground One*

In Ground One, Petitioner asserts that he was denied his right to self-representation in violation of the Sixth Amendment. This Ground was raised in Petitioner's direct appeal.[1]

The Magistrate Judge provided a recitation of the portion of the transcript dealing with any request by Petitioner to proceed to trial pro se, which the Court incorporates by reference rather than repeat here. *See* ECF No. 14 at 13–16. Based upon the transcript, the Magistrate Judge determined that Petitioner did not explicitly assert his desire to proceed pro se. Rather, it appears that Petitioner may have wanted to represent himself, wanted more time, and wanted to hire another attorney. The Magistrate Judge determined that the vacillation exhibited by Petitioner undercut his argument the request

---

[1] In the Petition and in footnote 1 of his objections, Petitioner asserts that this Ground was also presented to the PCR court as an ineffective assistance of counsel claim and encourages the Court to defer to the PCR court's categorization of what transpired. However, here Petitioner has presented this Ground as a direct appeal issue; accordingly, the Court will refer to the relevant state court ruling on that claim.

was unequivocal. Petitioner objects. He asserts that the Fourth Circuit has cautioned against using solely a transcript, which can lack the nuance of a spoken conversation, to determine whether Petitioner unequivocally asserted his right to self-representation.

Pursuant to the Sixth Amendment, a criminal defendant has the right to waive counsel. *See Faretta v. California*, 422 U.S. 806, 818 (1975). "[N]o Supreme Court case has discussed in any detail the requirements for a waiver of the right to self-representation." *United States v. Singleton*, 107 F.3d 1091, 1096 (4th Cir. 1997). However, the Fourth Circuit has consistently found that a waiver of a criminal defendant's right to counsel must be clear and unequivocal; knowing, intelligent, and voluntary; and timely. *See, e.g., United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013) ("[A] person may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely."); *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005) (noting that invocation of the right to self-representation, and thus waiver of the right to counsel, must be clear and unequivocal); *Singleton*, 107 F.3d at 1096 ("[T]he right to counsel may be waived only expressly, knowingly, and intelligently . . . .").

With respect to Petitioner's reference to the Fourth Circuit's discussion of the limitations of transcripts in *Fields v. Murray*, 49 F.3d 1024, 1032 (4th Cir. 1995), that

holding does not reflect a similar question to the one presented here.[2]  Petitioner has not pointed to any caselaw, and the Court is aware of none, that prohibits or restricts the Court's ability to review the relevant portions of trial transcripts in deciding actions brought pursuant to § 2254.  Upon de novo review of the record, the applicable law, and the Report, the Court agrees with the Magistrate Judge that Petitioner did not unequivocally request to proceed pro se.  Indeed, a significant portion of the discussion on Petitioner's request to relieve trial counsel focused on his attempts to hire another attorney.  When directly asked whether he wanted to proceed pro se, Petitioner did not unequivocally answer in the affirmative.  The Court agrees with the Magistrate Judge that this fails to meet the standard articulated by the Fourth Circuit.[3]

Petitioner next argues that the cases cited by the Magistrate Judge are representative of how the inquiry into whether a criminal defendant wants to invoke his Sixth Amendment right to proceed pro se should play out and demonstrate the insufficient inquiry made by the trial court in this case.  However, none of these cases indicate that there is a required script a trial court must follow to survive a later challenge in a habeas action.  Petitioner's argument that the trial court could have done more or better does not

---

[2] In that case, the Fourth Circuit considered the limitations of a trial transcript as a part of its larger discussion as to whether it is a question of fact or a mixed question of law and fact whether a defendant effectively invoked his right to self-representation.

[3] Petitioner has also failed to provide any support for his argument that the trial court's denial of Petitioner's motion necessarily indicates that the request was sufficiently asserted.

enable this Court to decide that a state court's ruling was contrary to clearly established federal law.[4]

The Court agrees with the Magistrate Judge's analysis of Ground One and finds that the denial of Petitioner's request to proceed pro se was not contrary to established federal law. Accordingly, summary judgment is appropriate with respect to Ground One.

## Ground Two

In Ground Two, Petitioner asserts that trial counsel was ineffective for failing to call witnesses that would corroborate Petitioner's story that he and the alleged victims knew each other and planned the robbery together. This issue was raised in Petitioner's PCR application and in his petition for writ of certiorari.

Here, the PCR court addressed trial counsel's performance under the standard set forth in *Strickland*. App. 482–83. The PCR court found that,

> Counsel credibly testified that Applicant never told him about any potential witnesses who could testify to the existing relationship between the victims and Applicant. (PCR Tr. 22–23, 55).4 Counsel stated that Applicant did not offer specific instances he had with them, nor did Applicant show Counsel text messages, phone calls, or any other physical evidence supporting this contention. (PCR Tr. 47). Counsel also stated

---

[4] Petitioner objects to the Magistrate Judge's footnote regarding *State v. Fuller*, 523 S.E.2d 168, 171 (S.C. 1999). *See* ECF No. 14 at 17 n.2. The Court agrees that *Fuller* does not assist Petitioner. As explained by the Magistrate Judge, that case is distinguishable from the present action, at least in part because the trial court in that case did not conduct an inquiry into the criminal defendant's request to proceed without counsel. Further, Petitioner has not explained how a ruling by the Supreme Court of South Carolina satisfies a federal habeas standard.

that if this information was provided, someone from the office would have investigated the potential witness, but could not recall if this information was provided. (PCR Tr. 23). Counsel stated that no character witness approached him at trial to testify, but he would have called them as witnesses if he knew they existed and could corroborate Applicant's story. (PCR Tr. 124).

Counsel was not expected to know of witnesses that could corroborate Applicant's theory without being inform[ed] that such witnesses exist. Further, this Court finds it highly unlikely that if a relationship did exist between the parties, that Applicant would not have mentioned it to Counsel or the judge at trial. Additionally, if both character witnesses attended the trial proceedings and heard information from State's witnesses that directly contradicted what they knew, this Court finds it implausible that neither character witness nor Applicant felt behooved to set the record straight at the time. Thus, this court finds that the theory presented was presumably not made known to the character witnesses until after trial proceedings and, consequently, this Court finds their testimonies incredible. Accordingly, because these witnesses were not made known to Counsel leading up to trial, presumably because the testimonies presented at the PCR hearing were incredible and later fabricated through, the, PCR process, Counsel was not deficient for failing to call them to testify.

Further, because Aklin's and Alston's testimonies presumably did not exist before the conclusion of trial and are otherwise incredible, Applicant was not prejudiced by any alleged failure on Counsel's part. This is particularly true given the contradictory statements presented by the victims and officer and the absence of any connection between the two parties in all physical evidence and reports. Additionally, because Applicant repetitively claimed that the character witnesses knew of an alleged connection between the parties and that connection ultimately culminated into a plan to commit an

>armed robbery, the witnesses presented would have no impact on the jury's finding that Applicant was guilty of armed robbery and unlawful possession of a pistol because this point is inherently conceded due to the nature of the defense presented. Thus, because deficiency nor prejudice can be found, Counsel was not ineffective.

App. 486–87.  The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent.  First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent.  Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

In his objections, Petitioner argues that the Magistrate Judge's reliance on the PCR court's credibility determination is misplaced because trial counsel was clearly unreliable and that there were valid reasons that Alston and Aklin did not come forward. Nevertheless, the PCR court's credibility determination is entitled to deference which Petitioner has not overcome.  *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1))); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them").

8

Petitioner argues that trial counsel had forgotten several key moments in Petitioner's case; however, this overlooks trial counsel's testimony with respect to Alston and Aklin. At the PCR hearing, trial counsel stated "[t]hat would have been something we discussed. I don't recall [Petitioner] ever providing any names or locations or dates or anything of that nature . . . . If he had, we certainly would have sent somebody to talk to them." App. 361.[5] As discussed in more detail by the Magistrate Judge, the evidence in the record does not support a finding that any error by the state court was "stark and clear." Petitioner also asserts that the PCR court erred in finding that Alston and Aklin were incredible. However, his arguments that it was entirely reasonable for them to fail to come forward due to the failures of the trial court and trial counsel are insufficient to overcome the deference given to state court credibility findings where that court was able to hear and observe the witnesses.

Therefore, upon de novo review, the Court agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's denial of Petitioner's ineffective assistance of counsel claim was either contrary to or an unreasonable application of applicable Supreme Court precedent. Thus, he has failed to meet his burden under § 2254.

---

[5] The Magistrate Judge has provided a lengthier portion of the transcript in the Report, which the Court incorporates by reference.

**CONCLUSION**

Therefore, based on the foregoing, the Court agrees with the recommendation of the Magistrate Judge. Respondent's Motion for Summary Judgment is **GRANTED** and the Petition is **DENIED**.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

June 27, 2023
Spartanburg, South Carolina