IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ebon Roberts, | ) | Case No. 1:22-cv-3690-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Bryan Stirling and Kenneth Nelson, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the Court on Petitioner's hand-written motion for reconsideration of this Court's prior order issued June 27, 2023, ECF No. 18, granting Respondents' motion for summary judgment, denying the petition brought pursuant to 28 U.S.C. § 2254, and denying a certificate of appealability. ECF No. 20. Respondents filed a response in opposition. For the reasons stated below, the Court denies or, in the alternative, dismisses Petitioner's Motion for Reconsideration.

## **APPLICABLE LAW AND ANALYSIS**

### *Rule 59(e)*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that

1

there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).

### *Rule 60(b)*

Under Rule 60(b), a court may grant relief from an adverse final judgment if the party shows: (1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgement is void; (5) the judgement has been satisfied, released or discharged; it is based on an earlier judgement that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Under this rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fir Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

*Motion for Reconsideration*

At the outset, the Court recognizes that Petitioner is still represented by counsel on the docket although he has filed the motion for reconsideration pro se. The Court notes that it would have been helpful to all parties involved if Petitioner's counsel had clarified the status of her representation at some point during the pendency of this motion. Nevertheless, out of an abundance of caution, the Court will proceed to a further evaluation of Petitioner's claims.

In his § 2254 petition, Petitioner raised two grounds. While he has similarly organized his motion for reconsideration into two grounds, he makes new arguments not previously presented to the Court, particularly with respect to his ground asserting ineffective assistance of counsel. Petitioner does not clarify whether he seeks reconsideration pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Accordingly, the Court will discuss both below.

<u>Rule 59(e)</u>

Liberally construed Petitioner has not alleged an intervening change in the controlling law or the availability of new evidence that was not available at trial; accordingly, the Court will turn to whether there has been a clear error or law or a manifest injustice. Upon review, the Court finds that there has not been such an error or injustice. To the extent Petitioner discusses facts and grounds that have already been presented and evaluated by this Court, the undersigned finds that he has not raised any issues that would require reconsideration of the prior order. To the extent he raises new grounds not

3

presented in his § 2254 petition, a motion for reconsideration is not the proper vehicle to amend a federal habeas petition. Accordingly, Petitioner's motion for reconsideration under Rule 59(e) is denied.

### Rule 60(b)

Turning to Rule 60(b), the Court finds that, liberally construed, Petitioner does not raise any allegations that come under Rule 60(b)(1–5); accordingly, the Court will turn to Rule 60(b)(6). In *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005), the Supreme Court noted that Rule 60(b)(6)'s requisite "extraordinary circumstances" would "rarely occur in the habeas context." The Supreme Court further recognized that, while Rule 60(b) motions can be brought in habeas cases, a court may only grant such a motion if doing do would not be inconsistent with the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 530–35. The Supreme Court directed that a district court considering a Rule 60(b) motion in a habeas case must first determine whether the filing "is in substance a successive habeas petition and [thus] should be treated accordingly." *Id.* at 531. In a recent published case, the Fourth Circuit recognized that "'[u]sing Rule 60(b) to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts' and '[t]he same is true' of a Rule 60(b) motion that attempts to raise new arguments in support of prior claims." *Bixby v. Stirling*, No. 22-4, 2023 WL 8176800, at *7 (4th Cir. Nov. 27, 2023) (quoting *Gonzlez*, 454 U.S. at 531).

Such is the case here where Petitioner requests both that this Court reconsider its ruling made upon consideration of the merits of Petitioner's grounds and that the Court consider new arguments in support of his grounds. Accordingly, the Court finds that Petitioner's motion brought pursuant to Rule 60(b) is in substance an unauthorized successive habeas petition over which this Court lacks jurisdiction. Thus, the Court construes Petitioner's Rule 60(b) motion as an unauthorized second or successive § 2254 petition; the Court lacks subject matter jurisdiction over this petition and dismisses it.

## CONCLUSION

Wherefore, based on the foregoing, Petitioner's motion for reconsideration brought pursuant to Rule 59(e) is **DENIED**. His motion brought pursuant to Rule 60(b) is construed as an unauthorized second or successive § 2254 petition and is **DISMISSED**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED**.

                                                      s/ Donald C. Coggins, Jr.
                                                      United States District Judge

December 4, 2023
Spartanburg, South Carolina